```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Asia Cube Energy Holdings, LTD., *as surviving entity of ISQ District Energy Asia Ltd.*,

        Petitioner,

    –v–

Inno Energy Tech Co., Ltd. and Hans Chia,

        Respondents.

20-cv-6203 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

    Petitioner Asia Cube Energy Holdings, Ltd. ("ACE") seeks permission to effect service on Respondent Hans Chia by email, pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 9, at 12. Rule 4(f) governs service of process on individuals "not within any judicial district of the United States." Fed. R. Civ. P. 4(f). Although Rule 4(f) provides that such service may be effected "by any internationally agreed means of service" and "as prescribed by the foreign country's law for service," the rule also permits a court to authorize international service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). For the reasons that follow, Petitioner's request is GRANTED.

### I.    Background

    ACE commenced this action on August 7, 2020 by filing a Petition for a Preliminary Injunction in Aid of Arbitration. Dkt. No. 1. Upon a notification that the Petition was filed deficiently, ACE re-filed the document on August 10, 2020. Dkt. No. 9. ACE seeks a preliminary injunction mandating Respondents Inno Energy Tech Co., Ltd. ("Inno Energy") and

1

Hans Chia ("Mr. Chia") to return ACE's official company seals, or company "chops," in China. Dkt. No. 9, at 1. According to ACE, Inno Energy and Mr. Chia are "alter egos" of each other, and Mr. Chia is the "sole decision-maker of Inno." *Id.* at 2 n.3.

ACE is the surviving entity of ISQ District Energy Asia Ltd. Dkt. No. 9, at 2–3. In 2014, ISQ entered into a Management Agreement with Inno Energy to develop a portfolio of energy-related assets in China. *Id.* at 3. As part of this agreement, Inno Energy was to provide "management and operational services to ISQ's various project companies in China." *Id.* Part of the agreement also included having Mr. Chia act "as ISQ's CEO and legal representative in China." *Id.* According to ACE, over time ISQ became dissatisfied with Mr. Chia and Inno Energy's performance. Eventually, ISQ decided to remove Mr. Chia as the company's CEO and legal representative in China. *Id.* ACE alleges that upon being notified of the company's intent to remove him, Mr. Chia refused to return the "company chops," and instead "fled to Taiwan with the company chops that belong to ACE and its project companies." *Id.* at 4–5. ACE avers that "[e]very contract with a Chinese company must be sealed with the official company chop to be recognized as an official document." *Id.* at 5. In the event that the company chops are lost, the legal representative "must report the loss of the chop to the police in person in order to obtain new chops." *Id.* But according to ACE, that posed an intractable problem. The official documents indicate that Mr. Chia is the company's legal representative. Without the company chops, says ACE, ACE cannot amend its corporate registration documents to indicate Mr. Chia's removal. *Id.* ACE thus alleges that, absent the return of the chops, its ability to conduct business in China is hampered, and that Mr. Chia continues to use the company chops to operate ACE's project companies in China. *Id.* at 1. As a result, ACE intends to demand arbitration against Mr. Chia before JAMS in New York, pursuant to the Management Agreement's arbitration clause.

*Id.* at 2.  In the interim, however, it seeks this preliminary injunction to recover the company chops while the arbitration is pending.  *Id.*

Yet today the Court addresses a narrower request.  In its Petition, ACE also moves for permission to serve Respondent Chia through alternative means—specifically, email.  Dkt. No. 9, at 12.  In support of its motion, Petitioner filed a Declaration from Jen C. Won, an attorney at Larson O'Brien LLP who represents ACE in this matter.  Dkt. No. 5.  As relevant here, Ms. Won's declaration explains ACE's basis for seeking alternative means.  ACE believes Mr. Chia to presently be in Taiwan.  Dkt. No. 5 ¶ 6.  Despite ACE's "diligent effort," however, ACE has been unable to determine Mr. Chia's address there.  Dkt. No. 5 ¶ 6.  In its Petition, ACE alleges that its communications with Mr. Chia "have been limited to emails only" since, upon information and belief, Mr. Chia moved to Taiwan.  Dkt. No. 9, at 12.  In light of this, ACE seeks to serve Mr. Chia with the Petition via email.  *Id.*  Specifically, ACE intends to email the Petition to Mr. Chia's two known email addresses, as well as the email addresses of Mr. Chia's counsel.  Dkt. No. 5 ¶¶ 3–5.

## II.    Applicable Legal Standards and Discussion

Federal Rule of Civil Procedure Rule 4(f) governs service on an individual in a foreign country.  It provides three options: (1) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];" (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;" or (3) "other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1)–(3).

Petitioner seeks a court order allowing it to effect service on Mr. Chia by email; accordingly, Rule 4(f)(3) governs.

"[T]here is no hierarchy among the subsections in Rule 4(f)." *Advanced Aerofoil Techs., AG v. Todaro,* No. 11-CV-9505 (ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). That is, Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Id.* (quoting *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir.2002)). Under Rule 4(f)(3), "a plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013)). Instead, "[t]he decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Stream SICAV*, 989 F. Supp. 2d at 278 (quotation omitted).

An alternative method of service under Rule 4(f)(3) "is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *S.E.C. v. China Intelligent Lighting & Elecs., Inc., No.* 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014) (quotation marks and citation omitted); *see also Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831 (AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016).

First, "Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577 (VEC), 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018). *See also Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *1 (W.D.N.Y. May 31, 2002) ("Taiwan is not a party to the Hague Convention or any other relevant international agreement." (citation

omitted)); *Emery v. Wood Industries, Inc.*, No. CIV. 98-480-M, 2001 WL 274747, at *1 (D.N.H. Jan. 17, 2001) ("Taiwan is not a member of the Hague Convention and no other applicable international agreement exists under which Emery might have effected service."); U.S. Dep't of State, *Judicial Assistance Country Information: Taiwan* (last updated Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html.  Accordingly, the first requirement poses no barrier to Petitioner's 4(f)(3) motion.

As to the second requirement, a means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Typically, the moving party must provide "*some facts* indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831(AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (quotation omitted).  As such, the moving party must usually "demonstrate[] that the email is likely to reach the defendant" to prove that "[s]ervice by email alone comports with due process." *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013).

ACE has provided sufficient basis for the Court to conclude that an email sent to the addresses listed in Ms. Won's declaration is likely to reach Mr. Chia.  To begin, ACE avers that Mr. Chia has *only* communicated with ACE by email since moving to Taiwan. Dkt. No. 9, at 12; *see also* Dkt. No. 5 ¶ 3 ("ACE has only been able to correspond with Respondent Hans Chia . . . through email" since Chia moved to Taiwan).  ACE specifically notes that Mr. Chia has responded via email "to ACE's attempts to negotiate." Dkt. No. 9, at 12.  As a result, the Court

finds that the allegation of facts indicating that Mr. Chia has recently communicated with ACE by email sufficiently establishes that service by email would comport with constitutional notions of due process. *See F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (finding "a high likelihood that defendants will receive and respond to emails" when the court had "confirmation that at least one of [several] email accounts was recently in use by [a] specified defendant"). Furthermore, ACE's allegations that it has corresponded with Mr. Chia about business transactions—and specifically, about the matter at issue here—substantiate this conclusion. *See NYKCool A.B. v. Pac. Intil Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014), *adhered to on recons.*, No. 12-CV-5754 (LAK), 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) (noting "an important distinction between e-mail addresses that are the mechanisms by which defendants conduct business and e-mail addresses that are only used as an informal means of accepting requests for information rather than for receiving important business communications" (quotation marks, citation, and alterations omitted)).[1] Accordingly, ACE has made a threshold showing sufficient to establish that Rule 4(f)(3) does not prohibit service by email in this case.

In addition to those two requirements, district courts in the Second Circuit have generally required two additional showings before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has made a reasonable effort to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary. *See Devi v. Rajapaska*, No. 11-CV-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)

---

[1] A survey of cases where courts have held that email service would not comport with due process provides further support for this conclusion. In those cases, the moving party's efforts failed because the party failed to allege sufficient facts indicating that the email address in question is operational and/or linked to the intended recipient. *See Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831 (AJN), 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (collecting and discussing cases).

(collecting cases).  But "[i]nasmuch as Rule 4(f)(3) calls upon a court to exercise its discretion . . . each case must be judged on its facts."  *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *In re GLG Life Tech Corp. Sec. Litig.,* 287 F.R.D. 262, 266 (S.D.N.Y.2012)).

ACE does not provide a detailed description of its efforts to effectuate service on the defendant in either its Petition or its counsel's declaration.  Dkt. No. 9; Dkt. No. 5.  But it provides an explanation as to why: despite a "diligent effort" to locate Mr. Chia's physical address in Taiwan, ACE has thus far been unable to do so.  Dkt. No. 5 ¶ 6.  Particularly where, as here, the party requesting alternative service has alleged insufficient knowledge that would allow it to effect service through other means, the Court concludes that ACE's description of its efforts is not so deficient as to warrant denying its motion on that basis alone.

ACE also puts forth allegations sufficient to make a showing that the court's intervention is necessary.  As just noted, ACE avers that it has been unable to determine Mr. Chia's physical address in Taiwan, despite diligent efforts.  "Case law is replete with instances where service by electronic means has been authorized under Rule 4(f)(3) because the defendant's location could not be determined and there was evidence that the defendant had been using the electronic mail accounts."  *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., et al.*, No. 17-CIV-5553 (LGS) (GWG), 2020 WL 4497160, at *9 (S.D.N.Y. Aug. 5, 2020) (collecting cases).  More importantly, however, ACE's allegations are premised on the notion that time is of the essence in this matter.  Specifically, ACE alleges that it stands to suffer irreparable harm absent a preliminary injunction—namely, the loss of business opportunities that will result from its continued dispossession of the company chops.  Without yet reaching the merits on that question, the Court nonetheless concludes that ACE's pursuit of emergency relief bears on the question of whether judicial approval of alternative means of service is warranted.

For the reasons stated above, Petitioner's request is GRANTED. Petitioner is hereby ORDERED to submit proof of service within one week of effecting service on Respondents. Petitioner is further ORDERED to notify Respondents of Rule 1.H of this Court's Individual Practices in Civil Cases, which provides in part that "all attorneys representing parties before Judge Nathan are required to register promptly as ECF filers and to enter an appearance in the case."

SO ORDERED.

Dated:  August 17, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge